IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SERGIO STEVEN CORONADO, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-858-D
)
FNU BOSELY, Corrections )
Officer, individually, and )
FNU KERR, Corrections )
Officer, individually, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

**I.    Background.**

On August 7, 2017, Sergio Steven Coronado (Plaintiff), a California prisoner appearing pro se[1] and in forma pauperis, filed this action under 42 U.S.C. § 1983, seeking monetary relief for alleged violations of his constitutional rights on January 26, 2015, while he was housed at North Fork Correctional Facility.[2]  Doc. 1.[3]

---

[1]    Because Plaintiff appears pro se, the court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[2]    United States District Judge Timothy D. DeGiusti then referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Doc. 4.

[3]    Citations to a court document are to its electronic case filing designation and pagination.  Quotations are verbatim unless indicated.

On screening of Plaintiff's complaint,[4] it appeared on its face that the statute of limitations barred any stated claim, so the undersigned notified Plaintiff that summary dismissal of the complaint was warranted and gave him the opportunity to address the issue by "order[ing] him to show cause—that is, to fully detail any reason, including possible tolling—why his complaint should not be promptly dismissed on statute of limitations grounds."[5] Doc. 12. Plaintiff filed a timely response to the show cause order, Doc. 14, and the matter is at issue.

## II. Analysis.

### A. The accrual of Plaintiff's claims and the applicable limitation period.

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Oklahoma's two-year

---

[4] Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A. "On review, the court shall . . . dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted . . . ." *Id.* § 1915A(b)(1).

[5] A *sua sponte* dismissal on screening is consistent with "the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

2

statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3). And "[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (internal quotation marks omitted).

According to Plaintiff's complaint, his claims accrued on January 26, 2015, giving him until January 26, 2017—two years—to file a timely action for relief under § 1983. *See* Doc. 1, at 2-4. Because Plaintiff did not file his complaint until August 7, 2017, the undersigned informed him it appeared the statute of limitations barred his claims and ordered him to explain why that was not the case. Doc. 12.

### B. Tolling of the limitation period.

"In Response to why I filed late," Plaintiff advised:

> After the incident on Jan 26, 2015, I submitted a grievance and proceeded to exhaust administrative remedies. As a result of this process, the statute of limitations was tolled. Administrative remedies were exhausted Aug. 14, 2015 extending my date to file to Aug. 14, 2017.
>
> I have attached copies of the process to exhaust administrative remedies, to support my claims in this letter.

Doc. 14, at 1.

Plaintiff, then, does not deny that his claims accrued on January 26, 2015, or that a two-year period of limitation applies to those claims. *Id.* Instead, he contends the two-year period did not begin to run, that is, was tolled, until he exhausted his administrative remedies on August 14, 2015, and did not expire until August 14, 2017, making his complaint filed on August 7, 2017, timely. *Id.*

Plaintiff provided no legal support for this contention, and he offered no additional justification for his failure to file his complaint within the two years following the accrual of his claims on January 26, 2015. *Id.* But if his theory is that the two-year limitation period was tolled under 42 U.S.C. § 1997e(a),[6] "[n]othing in § 1997e(a) refers to tolling." *Pemberton v. Patton*, 673 F. App'x 860, 866 (10th Cir. 2016). "'[I]n a § 1983 suit, state tolling rules, not federal ones, apply . . . [to] both . . . determining whether the filing of mandatory grievances requires tolling at all, and, if so, how that tolling is to be calculated.'" *Id.* (quoting *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). And, as to those "state tolling rules," *id.*, Oklahoma permits tolling in only limited circumstances:[7]

---

[6]  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[7]  Congress did not enact specific tolling rules applicable to § 1983 actions, so "state law governs the application of tolling in a civil rights action."

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Plaintiff, who bears "the burden of establishing a factual basis for tolling the statute," *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980), failed to invoke any of the three exceptions here. *See* Docs. 1, 14.

Furthermore, Plaintiff "exhausted his administrative remedies . . . long before the limitations period had run." *Starr v. Kober*, 642 F. App'x 914, 919 (10th Cir. 2016). "In such circumstances, equitable tolling is typically not available absent a showing of diligence after the administrative remedies were exhausted." *Id.* Plaintiff failed to make that showing here. *See* Docs. 1, 14.

Because it is clear from the face of Plaintiff's complaint that his right to pursue this action expired on January 26, 2017, and because he has failed to show that any tolling provision is available "to cure his timeliness problem . . . ," *Vasquez Arroyo*, 589 F.3d at 1098, Plaintiff's complaint—filed on August 7, 2017—fails to state a claim on which relief can be granted. *See* Doc. 1.

---

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (citation omitted).

### III. Recommendation and notice of right to object.

Plaintiff fails to state any claim upon which relief can be granted, and the undersigned recommends the dismissal with prejudice of this action under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 5, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of November, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE